## Case No. 9,954.

### In re MURRAY.

[1 Hask. 267;[1] 3 N. B. R. 765 (Quarto, 187).]

District Court, D. Maine. May, 1870.

BANKRUPTCY—DEBTS PROVABLE—THE PRICE OF LIQUORS TO BE SOLD IN VIOLATION OF LAW.

A claim, for the price of spirituous liquors, lawfully sold in the state of New York to a citizen of Maine, who intended them for sale in this state in violation of law, is here provable in bankruptcy, although it could not be recovered in the courts of this state.

In bankruptcy. Appeal by the assignee in bankruptcy of Murray, from the decision of Mr. Register Fessenden, allowing a claim against the bankrupt's estate for spirituous liquors sold in New York to the bankrupt a citizen of Maine, who intended them for sale in this state in violation of law.

Charles P. Mattocks, for appellant.
Melvin P. Frank, for appellee.

FOX, District Judge. This is an appeal from the allowance by the register of a claim in favor of W. E. Booraem, a citizen of New York, for the sum of $363.45. It is submitted for decision upon an agreed statement of facts, from which it appears that the bank-

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

rupt was an apothecary, resident at Portland, and from time to time sent orders to Booraem at New York for spirituous liquors to be forwarded by steamer to the bankrupt at Portland, by him to be there sold in violation of the laws of Maine. The claim as proved and allowed is for the price of the liquors so furnished. It is further agreed that Booraem did not know that the liquors were to be sold contrary to the laws of Maine, and that by the laws of New York the contract and claim is and was legal and could be there enforced.

The bankrupt having ordered these goods sent to him from New York by the carrier, the delivery to the carrier for his use is a delivery to him, and the sale and purchase must be considered as made and constituted in New York. The case finds that such a sale is legal, and that the price of the articles sold could be recovered of the purchaser in that state.

It is claimed by the assignee, that under such a state of facts a recovery could not be had in the courts of this state for liquors so sold, and the case of Meservey v. Gray, 55 Me. 542, is relied on as sustaining this position; and it is true, that in that case it was decided, that "when contracts made in other states are designed or calculated to aid in violating the laws of the state, where they are attempted to be enforced. the courts of the latter state are not obliged to furnish a remedy;" and that under the act of 1858 [Laws Me. 1858 (No. 2) p. 40], which declares "that no action shall be maintained for intoxicating liquors purchased out of the state, with intention to sell the same or any part thereof in violation of this act," a party, selling liquors in New York to a citizen of Maine, was not permitted to recover for the liquors, although he had no knowledge of the purchaser's intention to sell the liquors in this state in violation of the law.

So long as the act of 1858 continues in force, it may be that the courts of Maine will be justified in denying to citizens of other states any redress on contracts of this nature, although the same are perfectly legal and valid by the laws of the state where the purchase is made; but the question still remains, whether the federal courts in this state are bound by this act and this decision of the court, and are at liberty to refuse all redress to a suitor, because he is thus debarred of remedy in the courts of the state. [The remedy here sought is one provided by the bankrupt act, is under a law of congress, and in one of the courts of the United States, and by a citizen of another state, against the estate of a citizen of this state.] [2] The bankrupt act [of 1867 (14 Stat. 517)] declares all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy may be proved against the estate of the bankrupt, and that in case of an appeal to the circuit court from the decision of the district court, proceedings shall be had in the pleadings, trial and determination

[2] [From 3 N. B. R. 765 (Quarto, 187).]

of the cause, as in an action at law, commenced and prosecuted in the usual manner in the courts of the United States, and his discharge if obtained, is from all debts, which by the act are made provable against his estate.

If an action could be sustained on this claim before the circuit court on appeal. and if the discharge in bankruptcy could relieve the debtor from his liability therefor, then I hold that it is the duty of the district court to recognize and allow the same as a debt provable against the estate in bankruptcy, although the creditor might fail of a remedy if his action was pending in the courts of Maine; and from an examination of the decisions of the supreme court of the United States, I can entertain no doubt that the demand was provable, and could be recovered before the circuit court by reason of its legality in the place where the purchase was made.

In Suydam v. Broadnax, 14 Pet. [39 U. S.] 74, the court says. "A sovereign state and one of the states of the Union, if the latter were not restrained by constitutional prohibitions, might in virtue of sovereignty act upon the contracts of its citizens wherever made, and discharge them by denying a right of action upon them in its courts. But the validity of such contracts as were made out of the sovereignty or state would exist and continue anywhere else according to the lex loci contractus, and it may be laid down as a safe position, that a statute discharging contracts or denying suits upon them without the particular mention of foreign contracts does not include them. * * * The 11th section of the judiciary act [1 Stat. 78] was intended to give to citizens of another state, having a right to sue in the circuit court remedies co-extensive with these rights. These remedies would not be so, if any proceeding under an act of a state legislature, to which a plaintiff was not a party, exempting a person of such state from suit could be pleaded to abate a suit in the circuit court."

In Watson v. Tarpley, 18 How. [59 U. S.] 520, the court re-affirms this principle in the following language, "Whilst it will not be denied that the laws of the several states are of binding authority upon their domestic tribunals. and upon persons and property within their appropriate jurisdiction, it is equally clear that those laws cannot affect, either by enlargement or diminution, the jurisdiction of the courts of the United States as vested and prescribed by the constitution and laws of the United States, nor destroy or control the rights of parties litigant to whom the right of resort to these courts has been secured by the laws and constitution."

In Union Bank v. Jolly, 18 How. [59 U. S.] 507, it is said. "The law of a state, limiting the remedies of its citizens in its own courts. cannot be applied to prevent the citizens of other states from suing in the courts of the United States in that state, for the recovery of any property or money there to

which they may be legally or equitably entitled."

In Hyde v. Stone, 20 How. [61 U. S.] 175, the court says, "This court has repeatedly decided, that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the state which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power."

The citation of further authorities is certainly unnecessary. The legality of the purchase in the place of the contract being admitted, it appearing that a citizen of another state has in such state sold his property to a citizen of this state, for which he is now indebted, and which can be recovered of him if he is ever found in New York, unless he is discharged therefrom by his certificate in bankruptcy, and the proceedings in bankruptcy being by force and virtue of the acts of congress alone, which authorize proof of all legal accounts against the bankrupt's estate, the laws of the state, denying any remedy for the recovery of this account, cannot in any way control the proceedings of the bankrupt court. and it is therefore ordered: Appeal dismissed, claim allowed.